## LEVI BARTLETT, JR., Appellant

The provision in *St.* 1844, *c.* 178, § 4, that an insolvent debtor, whose assets shall pay less than fifty per cent. on all the claims proved against him, shall not be discharged, if a majority in value of his creditors shall dissent therefrom, does not apply to a case in which the debtor was entitled to a discharge, before the passing of that statute, under *St.* 1838, *c.* 163, and who had appealed to the supreme judicial court, under § 7 of the latter statute, from a withholding of his discharge, on the objection of his creditors, but whose creditors could not, under the former statute, dissent to his discharge, within six months after the assignment of his property, because that statute was passed more than six months after the assignment.

APPEAL to this court, by an insolvent debtor, under *St.* 1838, c. 163, § 7, to obtain his discharge, after a sufficient number of creditors had interposed their objections, before a master in chancery, to prohibit him peremptorily from granting the discharge. The hearing was before the chief justice, whose report of the case was as follows:

" The proceedings in insolvency were commenced by the petition of the appellant, 29th August 1843; the warrant was returnable 12th September, and the second meeting ordered to be held 2d October 1843. At that meeting, the appellant completed and delivered in his schedule, and took and subscribed the oath, as required by the statute, and prayed for his discharge; but the master was prohibited by the creditors from granting his discharge, and he appealed to this court.

" On the part of the opposing creditors, it was contended that the appellant's right to a discharge must depend upon the law as it now stands, changed and modified by *St.* 1844, *c.* 178, and not by the law as it stood in October 1843; and that by said *St.* of 1844, § 4, the debtor would not be entitled to his discharge without the consent of his creditors, unless his assets paid fifty per cent. of his debts. This was supported by the argument that the recent act had repealed all parts of the preceding act inconsistent with it; that the recent act having prescribed a new condition, upon which alone a discharge should be granted, there was no law in force authorizing any court to grant a discharge on other terms; and that the former act, *pro tanto*, was repealed. They contended that the insolvent had no vested right to a discharge, in October 1843; that he had then a right to apply to the master for the discharge, but that the creditors

had a legal right to withdraw the inquiry from the master, and transfer it to this court; and that although it is called an appeal, it is not to enable this court to correct the error, or revise any decision of the court below, but is a change of forum; and that the question is now to be considered, as if this were the first time and place at which the question of granting a discharge had arisen.

" On the other side it was insisted, in behalf of the insolvent, that he had a vested or fixed right to his discharge in October 1843, on a full compliance with the requisitions of the law as it then stood; that it would be inequitable, and inconsistent with the rules of construing statutes, to give the *St.* of 1844 a retrospective operation, so as to make his right of discharge to depend upon other terms than those which existed when the insolvent proceedings commenced, or at least when by law he was entitled to apply for his discharge, and to obtain it, if not prevented by the arbitrary interference of the creditors.

" I was of opinion that the *St.* of 1844 was an alteration and amendment of the *St.* of 1838; that it would affect future proceedings under cases already commenced, when they should come within its terms, although such future proceedings were dependent on past transactions; that where it was intended to be confined to future transactions, it was so specified in the act, as where it is provided, in § 3, that fiduciary debts shall not be discharged, it is limited to debts *hereafter created;* from which it may be inferred, that where not so expressed, it was not so intended by the legislature. I was therefore of opinion, that when the application of a debtor had not been judicially acted upon until the act of 1844 went into operation, a debtor could not obtain his discharge unless he brought himself within the provisions of that act: That there might be a different rule, perhaps, where the master had exercised the power given him, and had, on investigation and judicial inquiry, refused the debtor his discharge, and the debtor had appealed to this court to reverse the decision. But upon the rule above stated, applied to the facts of this case, I was of opinion that this insolvent would be entitled to his discharge, on proving that he had complied with

the act of 1838, without showing that his assets would pay fifty per cent. of his debts; because his case was not within the terms of the 4th section of the act of 1844. By this section, the debtor, if his estate pays less than fifty per cent., shall be discharged, unless a majority of his creditors shall dissent therefrom, within six months after the date of the assignment. The act of dissent is to be done by the creditors, and done within six months of the assignment, as a condition precedent to withholding the discharge. That act was not done, and could not be done, within the time limited, because more than six months had elapsed before the *St.* of 1844 was passed. The act of the creditors, in October 1843, prohibiting the master from granting a discharge, the effect of which was to transfer the jurisdiction of that subject to this court, was not such a dissent within six months, because the *St.* of 1844, in this respect, looked to an act of dissent then future, to be done under its authority, and pursuant to its provisions, and does not extend to any past act of dissent; and because made *alio intuitu*; the former being to change the forum, the latter being a specific dissent from the allowance of a discharge to a debtor whose estate does not pay fifty per cent.

" To these opinions the creditors excepted, and the questions thereon are reserved for the consideration of the whole court."

*F. H. Dewey*, for the appellant.

No counsel for the creditors appeared before the full court.

SHAW, C. J. The principal questions which were made in this case, at the hearing at *nisi prius*, have been since considered and decided by the court, in another case. *Eastman v. Hillard*, 7 Met. 420.

The court are now of opinion that the construction of the statutes, the grounds of which are somewhat fully stated in the exceptions, was correct. The principal alteration of the provisions of the insolvent laws, effected by *St.* 1844, *c.* 178, was, that a debtor, whose assets do not pay fifty per cent., shall not be entitled to his discharge, if a majority of the creditors file their dissent with the master, within six months. The provision of § 4 of that statute is, that a debtor, whose assets do

not pay fifty per cent., shall be discharged, " unless a majority in value of his creditors shall dissent therefrom within six months after the date of the assignment." It seems clear, therefore, that entering this dissent, within the time limited, is a condition precedent, without compliance with which this provision can have no effect, and the old law, in this respect, remains unchanged. If this requisite could not be complied with, then these creditors could not avail themselves of the new law, and the rights of the parties must depend upon the law as it stood before. The dissent, filed for another purpose, before the act of 1844 was passed, cannot be a compliance with the condition, because the law was not in force at that time, and the legal effect of an act done must depend, in general, upon the law in force at the time. There may be an exception, where the legislature, by positive enactment, may annex certain consequences, or give a particular legal effect to a previous act done; but there is no provision to that effect in the *St.* of 1844.

The exceptions are overruled, and the appellant is entitled to a hearing, and to his discharge, notwithstanding the dissent of a majority in value of the creditors, if found entitled to a discharge under the other provisions of the insolvent laws, including the *St.* of 1844, so far as it is applicable to his case.